**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000546
27-SEP-2013
08:39 AM**

NO. CAAP-12-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KURTIS STEGER, Petitioner-Appellant
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 11-1-0013(1) (CR. NO. 02-1-0557(1)))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Petitioner-Appellant Kurtis Steger (Steger) appeals from the "Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside or Correct Illegal Sentence Through a Writ of Habeas Corpus Pursuant to HRPP [(Hawai'i Rules of Penal Procedure)] Rule 40" (Order Dismissing Rule 40 Petition) that was filed on May 3, 2012, in the Circuit Court of the Second Circuit (Circuit Court).[1/] We affirm.

I.

In Steger's underlying criminal case, a jury found him guilty of Promoting a Dangerous Drug in the First Degree, Attempted Promoting a Dangerous Drug in the Second Degree, Promoting a Dangerous Drug in the Third Degree, and five counts of Prohibited Acts Relating to Drug Paraphernalia. Steger's prosecution was based on evidence recovered pursuant to the execution of a search warrant on his apartment. The police

--------

[1/] The Honorable Rhonda I.L. Loo presided.

recovered approximately four ounces of crystal methamphetamine, a Glock pistol and magazines containing ammunition, a police scanner, almost $3,000 in cash, a gram scale, empty plastic packets, 100 Ecstasy tablets, eleven vials of ketamine, marijuana, glass smoking pipes, and other drug paraphernalia. Steger's roommate testified that she saw Steger and another roommate package crystal methamphetamine or "ice" into plastic packets on almost a daily basis; that Steger sold the ice out of his pickup truck; that the four-ounce quantity of ice seized by the police was "pretty much present all the time" in the apartment; and that Steger had received packages containing methamphetamine and sometimes Ecstacy in the mail.

The Circuit Court sentenced Steger to concurrent terms of imprisonment of twenty years, with a five year mandatory minimum, on his conviction for Promoting a Dangerous Drug in the First Degree; ten years on his conviction for Attempted Promoting a Dangerous Drug in the Second Degree; and five years on his remaining convictions, with a mandatory minimum of twenty months on his conviction for Promoting a Dangerous Drug in the Third Degree. Steger filed a direct appeal from his convictions, and on November 14, 2006, this court affirmed the Circuit Court's Judgment. State v. Steger, 114 Hawai'i 162, 158 P.3d 280 (App. 2006).

In the meantime, on October 8, 2004, Steger appeared with his counsel before the Hawai'i Paroling Authority (HPA) for a hearing to set his minimum terms of imprisonment. On October 13, 2004, the HPA issued an order setting Steger's minimum terms at twelve years for his twenty-year sentence, ten years for his ten-year sentence, and five-years for his five-year sentences. In its "Notice and Order of Fixing Minimum Term(s) of Imprisonment," the HPA stated that the Level of Punishment was a Level III and identified "Nature of Offense" as a significant factor in determining the level of punishment.

On October 14, 2011, Steger filed his "Petition to Vacate, Set Aside or Correct Illegal Sentence Through a Writ of

Habeas Corpus Pursuant to HRPP Rule 40" (Rule 40 Petition). Steger contended that the HPA violated his due process rights in setting his minimum terms of incarceration and that his counsel provided ineffective assistance in representing him before the HPA in the setting of his minimum terms. On May 3, 2012, the Circuit Court issued its Order Dismissing Rule 40 Petition. The Circuit Court concluded that the issues sought to be presented by Steger were "patently frivolous, and without a trace of support either in the record or from other evidence submitted by [Steger]." The Circuit Court therefore dismissed Steger's Rule 40 Petition without a hearing.

## II.

HRPP Rule 40(f) (2006) provides in relevant part:

> **(f) Hearings.** If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

HRPP Rule 40(f) has been interpreted as conditioning a petitioner's right to a hearing on whether he or she has stated a colorable claim for relief.

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the [outcome of the challenged proceeding], however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (block quote format altered and citation omitted).

## III.

The sole argument Steger raises on appeal is that his claims "were creative not frivolous," and therefore, the Circuit

3

Court erred in denying his claims without a hearing. Steger identifies his "creative arguments" as (1) "the HPA failed to sufficiently specify the grounds and criteria"; (2) "the HPA improperly arrived at a Level III level of punishment"; (3) "the HPA erred in using Level III as a starting point"; (4) "the HPA imposed a higher degree of penal liability [than] authorized by the verdict"; and (5) "[i]neffective assistance of counsel." We conclude that Steger has failed to demonstrate that the Circuit Court erred.

On appeal, Steger does not present any argument on the merits of his claims that the HPA violated his rights or erred in setting his minimum terms of imprisonment and that his counsel provided ineffective assistance. The record indicates that the HPA held a hearing to set Steger's minimum terms of incarceration at which he was represented by counsel, and that the HPA issued its order setting his minimum terms, which stated that the HPA had placed Steger in the Level III level of punishment and that the nature of his offense was a significant factor in this determination. The record also indicates that there was evidence that Steger's offenses met the "Nature of Offense" criteria for Level III punishment under the HPA's Guidelines for Establishing Minimum Terms of Imprisonment. Among other things, there was evidence that Steger's offenses involved the importation or distribution of substantial quantities of drugs, and that Steger had knowingly devoted himself to criminal activity as a major source of livelihood and had obtained substantial income from criminal activity.

Steger has not presented any persuasive argument that the HPA violated his rights or erred in setting his minimum terms of imprisonment or that his counsel provided ineffective assistance. Accordingly, he has not demonstrated that his Rule 40 Petition presented a colorable claim for relief or that the Circuit Court erred in dismissing his Rule 40 Petition without a hearing.

III.

We affirm the Circuit Court's Order Dismissing Rule 40 Petition.

DATED: Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Gerald Johnson
for Petitioner-Appellant

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge